**GUIDE INTERNATIONAL CORPORATION, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 90–2441.

United States Court of Appeals, Seventh Circuit.

Argued April 11, 1991.

Decided Nov. 21, 1991.

David J. Duez (argued), James M. Roche, and Ethel R. Kaplan, McDermott, Will & Emery, Chicago, Ill., for plaintiff-appellant.

Elizabeth M. Landes, Asst. U.S. Atty., Office of the U.S. Atty., Crim. Div., Chicago, Ill., Gary R. Allen, Charles Bricken, Robert S. Pomerance (argued), Janet Bradley, and Alexandra E. Nicholaides, Dept. of Justice, Tax Div., Appellate Section, Washington, D.C., for defendant-appellee.

Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Guide International Corporation is a nonprofit organization whose purpose is to develop data processing products and services, and to provide a forum for the exchange and dissemination of information concerning data processing equipment and systems. In 1971, the Internal Revenue Service determined that Guide was exempt from tax as a nonprofit business league under § 501(c)(6) of the Internal Revenue Code, 26 U.S.C. § 501(c)(6).[1] However,

---

1. Section 501(c)(6) grants an income tax exemption for "[b]usiness leagues ... not organized for profit and no part of the net earnings of

Revenue Ruling 83–164, 1983–2 C.B. 95 put Guide's tax-exempt status into question.[2] To obtain a binding determination of its tax-exempt status, Guide filed income tax returns for the years 1984, 1985, and 1986, and, thereafter, filed for refund of taxes paid with those returns. No action was taken on Guide's claim and Guide brought suit. On cross-motions for summary judgment, the district court found that Guide failed to qualify as a business league and granted summary judgment in favor of the government. Guide appeals and we affirm.

A number of circuits have held that the determination whether an association is a business league under § 501(c)(6) is a mixed question of fact and law, which is reviewed *de novo*. *See Engineers Club of San Francisco v. United States*, 791 F.2d 686, 688–89 (9th Cir.1986); *MIB, Inc. v. Commissioner*, 734 F.2d 71, 76 (1st Cir. 1984). We adopt this standard of review. Accordingly, the district court's grant of summary judgment in favor of the government is appropriate under Rule 56 of the Federal Rules of Civil Procedure only if there is no genuine issue as to any material fact and the government is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The facts are undisputed. Guide was formed in 1956 and incorporated in Missouri in 1969 as a nonprofit association. Guide's purposes, as set forth in its Articles of Incorporation, are the following:

(a) The promotion of sound professional practices with respect to the uses of data processing equipment and systems.

(b) The exchange and dissemination of information concerning data processing equipment and systems.

(c) The participation with manufacturers of data processing equipment (including

hardware, software and peripheral equipment) in the improvement and development of products, standards, and education.

Guide's By-laws state that its primary purposes include "communicat[ing] to the IBM Corporation user needs in all technical areas of interest" and "review[ing], comment[ing] and exchang[ing] information on products and services related to the equipment needed to qualify for GUIDE membership." The By-laws restrict membership to organizations who own large-scale computer equipment manufactured by International Business Machines (IBM mainframes).[3]

Guide's membership includes major corporations from diverse fields, as well as educational and governmental organizations. Many of the members compete against each other, and some compete against IBM. Guide is managed by a board of directors, who are members of the organization. Guide's principal activity is the sponsorship of week-long conferences that are held three times a year and focus on data processing matters. Representatives of IBM and other persons are invited to speak at the conferences on topics chosen by Guide's management. Although IBM and manufacturers of compatible peripheral equipment present data processing products at the conferences, all sales and recruitment activities are prohibited. IBM provides administrative personnel, a personal computer, copiers and refreshments at the meetings. The information presented and discussed at the conferences is communicated to IBM.

Guide also conducts research involving data processing equipment manufactured by IBM and other companies. Project papers and other resource materials prepared by Guide are maintained in a library and

---

which inures to the benefit of any private shareholder or individual."

2. The ruling held that an organization whose members represent diversified businesses that own, rent, or lease computers produced by a single computer manufacturer does not qualify for exemption from federal income tax as a business league under § 501(c)(6).

3. The By-laws also provide for "special members": when deemed to be in the best interest of Guide, individuals not meeting the general qualifications for membership may be awarded membership because of their expected contribution to Guide. However, Guide has not had any special members since 1976.

are generally available to all interested parties, including non-members.

Guide argues that the district court erred in determining it was not a business league under § 501(c)(6). The principal issue before the district court was whether Guide satisfies the requirement of Treasury Regulation § 1.501(c)(6)–1 (26 C.F.R. § 1.501(c)(6)–1) that its activities "be directed to the improvement of business conditions of one or more lines of business as distinguished from the performance of particular services for individual persons."

Relying on *National Muffler Dealers Ass'n, Inc. v. United States*, 440 U.S. 472, 99 S.Ct. 1304, 59 L.Ed.2d 519 (1979), the district court found that Guide fails to meet the line of business test because it primarily serves the interests of IBM and the users of IBM computers rather than the data processing industry as a whole.

In *National Muffler*, the United States Supreme Court adopted the Internal Revenue Commissioner's interpretation of the line of business test that an association which is not industrywide should not be exempt. 440 U.S. at 484, 99 S.Ct. at 1310. *But see Pepsi–Cola Bottlers' Ass'n v. United States*, 369 F.2d 250 (7th Cir.1966) (*not followed by* Rev.Rul. 68–182, 1968–1 C.B. 263 (1968), *and disapproved by National Muffler*, 440 U.S. at 476, 99 S.Ct. at 1306). Accordingly, the Court denied a tax exemption to an association of franchisees of one brand of muffler because the association did not improve conditions of an industrial line, but, instead, promoted a particular product at the expense of others in the industry.

Here, the district court acknowledged that although Guide's stated purpose is to facilitate the use and exchange of information regarding data processing equipment in general, the primary benefit inures to IBM which is only *a segment* (70 to 75%) of the mainframe computer business, not a line of business.

Guide argues that this case is distinguishable from *National Muffler* because its activities improve several lines of business by enabling its members to perform data processing more efficiently. This argument is in direct conflict with Revenue Ruling 83–164 and was rejected in *National Prime Users Group, Inc. v. United States*, 667 F.Supp. 250 (D.Md.1987). Revenue Ruling 83–164 held that an organization that directs its activities to the users of one brand of computers improves the business conditions in only segments of the various lines of business to which its members belong. Similarly, in *National Prime Users Group*, the court denied a tax exemption to an association whose members consisted of users of computers of a single manufacturer because the association only improved conditions for members in those lines of businesses that used the particular computers. The court found an inherent competitive advantage for the computer manufacturer. We believe that the Revenue Ruling and the decision of the district court in Maryland were correct.

Therefore, while Guide's members reflect a wide variety of businesses, no single business is enhanced and Guide only benefits IBM and those individuals within various lines of business who use IBM mainframes. Moreover, the district court found that Guide *primarily* advances IBM's interests and that any benefit to its members and other data processing companies who use information prepared by Guide is incidental.

We agree with the district court's characterization of Guide as a powerful marketing tool for IBM. Guide's conferences provide IBM customers with the opportunity to learn about IBM products and services and IBM receives feedback about those products and services which influences product development. The district court properly found that Guide fails to qualify as an exempt business league under § 501(c)(6).

The judgment of the district court is AFFIRMED.